IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SANDRA L. PALLATTO, )
                    )
    Plaintiff,      )
                    )
    v.              )   2:11cv1206
                    )   **Electronic Filing**
WESTMORLAND COUNTY  )
CHILDREN'S BUREAU a local agency )
of Westmoreland County, )
                    )
    Defendant.      )

## MEMORANDUM ORDER

AND NOW, this 3rd day of September, 2014, upon due consideration of defendant's motion in limine to exclude plaintiff's claim for back pay and front pay damages and plaintiff's response thereto, IT IS ORDERED that [63] the motion be, and the same hereby is, denied without prejudice to renew as a Rule 50 motion. At this juncture the record falls short of demonstrating that as a matter of law (1) a reasonable accommodation could not have been provided at the time plaintiff requested the same and/or (2) that plaintiff's receipt of social security conclusively establishes that she could not have performed the essential functions of her job with such an accommodation. Moreover, the standards governing determinations of Social Security and the Americans With Disabilities Act are different and the two forms of relief are not mutually exclusive. See generally Cleveland v. Policy Management Systems Corporation, 526 U.S. 795, 803 (1999) (there are many scenarios where the receipt of social security benefits and an ADA claim can co-exist). And while a plaintiff cannot do an "about-face" and must proceed with the recognition that his or her prior representations resulting in the receipt of social security benefits must be treated as true, he or she must be afforded an opportunity to provide a contextual explanation to explain the seemingly inconsistent positions in a manner that will

permit a finding that with a reasonable accommodation he or she was able to meet the essential demands of the job before the doctrine of estoppel is to be applied. See Detz v. Greiner Industries, Inc., 346 F.3d 109, 118 (3d Cir. 2003) (where representations to gain receipt of social security benefits are seemingly in conflict with an element of an employment claim, Cleveland requires the court to determine whether the assertions are genuinely in conflict, afford the plaintiff an opportunity to reconcile the positions in context and then determine whether the respective positions estop the plaintiff from proceeding with the employment claim). At this juncture the record has not been developed and plaintiff must be given a sufficient opportunity to meet her respective burdens in seeking relief under the ADA. Consequently, defendant's motion has been denied without prejudice to renew the request for relief in a Rule 50 motion.

                                      s/David Stewart Cercone
                                      David Stewart Cercone
                                      United States District Judge

cc:    Adam R. Gorzelsky, Esquire
        Susan N. Williams, Esquire
        Thomas P. Pellis, Esquire
        Bernard P. Matthews, Esquire

        (*Via CM/ECF Electronic Mail*)