IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SANDRA L. PALLATTO**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:11cv1206 |
| | ) **Electronic Filing** |
| **WESTMORLAND COUNTY** | ) |
| **CHILDREN'S BUREAU** a local agency | ) |
| of Westmoreland County, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

AND NOW, this 3rd day of September, 2014, upon due consideration of defendant's motion in limine to exclude evidence of supervisor harassment for purposes of plaintiff's PHRA and ADA claims and plaintiff's response thereto, IT IS ORDERED that [57] the motion be, and the same hereby is, denied. Material issues of fact remain as to whether defendant through its hierarchy of supervision over County employees delegated sufficient authority to Michelle Bianco, Charles McCallen, and Charles Dominick to effectuate tangible employment actions with regard to the terms and conditions of plaintiff's employment. See Vance v. Ball State University, -- U.S. --, 133 S. Ct. 2434, 2452 (2013) ("If an employer does attempt to confine decisionmaking power to a small number of individuals, those individuals will have a limited ability to exercise independent discretion when making decisions and will likely rely on other workers who actually interact with the affected employee. Cf. Rhodes v. Illinois Dept. of Transp., 359 F.3d 498, 509 (C.A.7 2004) (Rovner, J., concurring in part and concurring in judgment) ("Although they did not have the power to take formal employment actions vis-à-vis [the victim], [the harassers] necessarily must have had substantial input into those decisions, as they would have been the people most familiar with her work—certainly more familiar with it

than the off-site Department Administrative Services Manager"). Under those circumstances, the employer may be held to have effectively delegated the power to take tangible employment actions to the employees on whose recommendations it relies.") (citing <u>Burlington Industries, Inc. v. Ellerth</u>, 524 U.S. 742, 762 1998)).  And the statements and conduct of Bianco, McCallen, and Dominick in and about the workplace as they related to plaintiff's work environment presumably are relevant to plaintiff proving defendant was negligent in permitting the alleged harassment to occur and/or continue.  <u>See</u> <u>id.</u> at 2451 ("Contrary to the dissent's suggestions, . . . , this approach will not leave employees unprotected against harassment by co-workers who possess the authority to inflict psychological injury by assigning unpleasant tasks or by altering the work environment in objectionable ways.  In such cases, the victims will be able to prevail simply by showing that the employer was negligent in permitting this harassment to occur, and the jury should be instructed that the nature and degree of authority wielded by the harasser is an important factor to be considered in determining whether the employer was negligent.  * * * Assuming that a harasser is not a supervisor, a plaintiff could still prevail by showing that his or her employer was negligent in failing to prevent harassment from taking place.  Evidence that an employer did not monitor the workplace, failed to respond to complaints, failed to provide a system for registering complaints, or effectively discouraged complaints from being filed would be relevant.").  Consequently, defendant's motion properly has been denied.

                                              s/David Stewart Cercone
                                              David Stewart Cercone
                                              United States District Judge

cc:      Adam R. Gorzelsky, Esquire
            Susan N. Williams, Esquire
            Thomas P. Pellis, Esquire
            Bernard P. Matthews, Esquire

            (*Via CM/ECF Electronic Mail*)