IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


SANDRA L. PALLATTO,                        )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )      2:11cv1206
                                           )      **Electronic Filing**
WESTMORLAND COUNTY                         )
CHILDREN'S BUREAU a local agency           )
of Westmoreland County,                    )
                                           )
            Defendant.                     )


## MEMORANDUM ORDER


AND NOW, this 3rd day of September, 2014, upon due consideration of defendant's

motion in limine to exclude lay testimony on medical causation and plaintiff's response thereto,

IT IS ORDERED that [55] the motion be, and the same hereby is, granted in part and denied in

part. The motion is granted to the extent it seeks to preclude plaintiff from testifying that

defendant's alleged course of unlawful conduct was a cause of or causally contributed to any of

her diagnosed conditions. Plaintiff cannot testify that defendant's alleged conduct was the cause

of any medical, psychological or psychiatric condition with which plaintiff was diagnosed. Such

matters require expert testimony. See Frazier v. Indiana Dept. of Labor, 2003 WL 21254424

(S.D. Ind. March 17, 2003) ("Matters regarding the causation of any of the Plaintiff's medical,

psychological or psychiatric conditions require expert testimony.") (citing Fed. R. Civ. P.

701(c), 702; DeSanto v. Rowan Univ., 224 F.Supp.2d 819, 830 (D.N.J.2002) (granting motion in

limine to exclude doctor's testimony that the plaintiff suffered from gastric disorders where

doctor had not been identified as an expert witness and concluding that expert testimony was

required to establish connection between plaintiff's condition and defendant's allegedly

discriminatory conduct); and Ferris v. Pa. Fed'n Bhd. of Maint. of Way Employees, 153

F.Supp.2d 736, 743-45 (E.D. Pa. 2001) (excluding testimony of doctor who was not qualified as an expert as to the causation of the plaintiff's mental conditions).

The motion is denied to the extent it seeks to preclude plaintiff from testifying about and submitting to the jury the question of whether defendant's alleged course of conduct was a causal factor of an actual injury within the court's jury instructions, such as harassment, humiliation, mental anguish and emotional distress. It also is denied to the extent it seeks to preclude plaintiff from testifying to the symptoms she was experiencing, how she responded or reacted emotionally to matters occurring in the workplace and the duration and degree of any form of recoverable injury (such as emotional distress) she was experiencing at any particular time. See Frazier, 2003 WL 21254424 at *4 ("The Plaintiff, however, will be allowed to testify from his personal knowledge as to any emotional distress or mental anguish that he allegedly suffers."); Ferris, 153 F. Supp.2d at 747-48 ("both plaintiffs will be permitted to testify regarding their alleged symptoms and injuries, although plaintiff Ferris may only testify to a limited extent as discussed *supra* Part II(D)—he may only testify as to the nature and timing of his alleged symptoms and injuries; he will not be permitted to testify as to any particular diagnosis or the cause of his alleged injuries. Finally, as discussed *supra*, the absence of expert testimony as to diagnosis and causation does not preclude plaintiff Ferris from presenting to a jury the question of causation and whether he suffered an actual injury. . . . The Court is "confident that [the Court and the jury] can ensure that plaintiffs recover only for actual injury even in the absence of expert medical testimony" in this case.") (quoting Bolden v. Southeastern Pa. Transp. Auth., 21 F.3d 29 (3d Cir.1994) (concluding that expert medical testimony is not required to establish emotional distress damages in a suit brought pursuant to 42 U.S.C. § 1983)).

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:    Adam R. Gorzelsky, Esquire
Susan N. Williams, Esquire
Thomas P. Pellis, Esquire
Bernard P. Matthews, Esquire

(*Via CM/ECF Electronic Mail*)